UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAPOSO, (A042-694-785), Petitioner, v. WARDEN, Respondent. | No. 1:26-cv-08121-DAD-SCR <br> <u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I. Factual and Procedural History

Petitioner, a citizen and native of Dominican Republic, entered the United States as a Lawful Permanent Resident ("LPR"), on or about February 25, 1990. ECF No. 6 at 11-16, 23. He has lived in the United States since then. ECF No. 1 at 3. Prior to his detention, he worked as a commercial door installer in Plant City, Florida. Id.

On January 28, 2026, Petitioner was arrested in Lakeland, Florida and charged with felonious cocaine possession in violation of Florida Statute § 893.13. ECF No. 6 at 57-60.[1] According to the police report, the officer stopped Petitioner on a suspected vehicle registration

[1] The I-213 indicates that Petitioner has been arrested and charged multiple times starting in 2006, however the record is unclear as to the details and disposition of those charges.

violation and a subsequent search of the vehicle revealed a straw and a white powder, which the officer determined to be cocaine. According to the Order of Probation dated March 10, 2026, Petitioner pled guilty to possession of cocaine and possession of drug paraphernalia. ECF No. 6 at 53-56.[2] The Polk County Circuit Judge rendered a judgment of guilty on four misdemeanor counts, and withheld adjudication of the § 893.13(6)(a) felony cocaine possession count. ECF No. 6 at 46. Petitioner was sentenced to thirty days jail time and two years of probation. Shortly thereafter, Petitioner was arrested for an alleged probation violation on March 31, 2026 when his mandated drug test came back positive for cocaine. ECF No. 6 at 42. According to the I-213, Petitioner was detained in Polk County Jail until September 1, 2026, when he was transferred to Immigration and Customs Enforcement ("ICE") custody and issued a Notice to Appear, charging him as deportable under 8 U.S.C. § 1227(a)(2)(B)(i) (noncitizen convicted of controlled substance violation). ECF No. 6 at 13.

Petitioner is currently detained in the California City Immigration Processing Center, within this judicial district. On October 2, 2026, Petitioner filed a petition for writ of habeas corpus. Respondent filed an answer opposing Petitioner's petition for habeas relief on October 15, 2026.

## II. Statutory Immigration Standards

Petitioner asserts that he is subject to 8 U.S.C. § 1226(a), which would entitle him to various statutory procedural due process protections, including a bond hearing that may result in his release from detention.

Respondent asserts that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) "because of his 2026 drug conviction." ECF No. 6 at 2. That provision states that the Attorney General "shall take into custody any [noncitizen] who" falls into one of the enumerated categories involving criminal offenses, § 1226(c)(1)(A)-(E), which includes any offense covered in section 1227(a)(2)(B)(i).

Petitioner has not sought to challenge his mandatory detention under §1226(c) in a hearing

[2] In the space on the Order of Probation where the defendant would acknowledge and agree to abide by that Order, Petitioner's signature is missing. ECF No. 6 at 56.

pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999) (known as a "Joseph hearing"), as further discussed below.

### III. Administrative Exhaustion

#### A. Legal Standard

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)).

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Generally, principles of prudential exhaustion require a noncitizen to pursue a Joseph hearing before raising § 1226(c) objections in habeas. See Buckley v. Chestnut, et al., No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at * 2-4 (E.D. Cal. Apr. 16, 2026) (declining to waive prudential exhaustion because petitioner's appeal of his Joseph hearing was pending). Waiver of exhaustion is not appropriate here. Petitioner was notified of the government's asserted § 1226(c) detention authority through an NTA dated September 1, 2026, the date he was taken into ICE custody. ECF No. 6 at 23-26. See Julio Cesar v. Chestnut, et al., No. 1:26-cv-04775-MWJS, 2026 WL 2139762 (E.D. Cal. July 24, 2026) ("If DHS had issued a custody determination, served

the required notice, and charged § 1226(c) as a basis for detention, Respondents' exhaustion argument would have force."); Mendez Lopez v. Warden, Central Valley Annex Detention Facility, No. 1:26-CV-7423-JDP, 2026 WL 3034260, at *2 n.1 (E.D. Cal. Oct. 9, 2026) (waiving exhaustion where the government did not put the petitioner on notice of his mandatory detention). Petitioner's initial master calendar hearing before an Immigration Judge ("IJ") was set for October 27, 2026 and according to the EOIR Automated Case Information website he is currently set for an upcoming master calendar hearing before an IJ on November 24, 2026, less than three months into his detention. For these reasons, the undersigned recommends Petitioner be required to pursue a Joseph hearing.

**B. Discussion**

The administrative remedy available in this case is a hearing before an IJ pursuant to the BIA's decision in Matter of Joseph 22 I. & N. Dec. 799 (BIA 1999). A person "who believes that he is not covered by § 1226(c) may . . . ask for what is known as a 'Joseph hearing'" from the immigration court. Jennings v. Rodriguez, 583 U.S. 281, 289 n.1 (2018). "At a Joseph hearing, that person 'may avoid mandatory detention by demonstrating that he is not [a noncitizen], was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention.'" Id. (quoting Demore v. Kim, 538 U.S. 510, 514, n.3 (2003)).

The crux of Petitioner's due process claim here is that Respondent has denied him the protections he is entitled to under 8 U.S.C. § 1226(a). To reach this question, the undersigned would necessarily have to determine whether he is subject to § 1226(c)(1)( B) via the controlled substances provisions at § 11217(a)(2)(B)(i). See Jennings, 583 U.S. at 289 (noting that § 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a).") (emphasis in original).

The prudential exhaustion requirement should not be waived as to Petitioner's contention that § 1226(a) serves as the basis for his detention. The immigration court and BIA are best positioned "to generate a proper record and reach a proper decision" as to factual inquiries, including the precise nature of Petitioner's conviction. Puga, 488 F.3d at 815; see also Cruz v.

Sessions, No. 18-CV-06215-LHK, 2018 WL 6047287, at *5 (N.D. Cal. Nov. 18, 2018) (declining to waive the petitioner's failure to exhaust where "the question of whether Petitioner's conviction is [subject to § 1182(a)(2)] is best decided by the BIA in the first instance."). Nor is the basis for Petitioner's detention under § 1226(c) so questionable on the face of the conviction records that there would likely be irreparable harm in requiring administrative exhaustion.

**IV. Procedural Due Process**

Petitioner argues that he should be granted habeas relief on Fifth Amendment due process grounds. ECF No. 1. Respondent argues that petitioner's detention is constitutional as it has a definite termination point: the conclusion of removal proceedings. Doc. No. 6 at 5. Because Petitioner's approximately three-months of § 1226(c) detention is still within the brief, constitutionally permissible period contemplated by the Supreme Court in Demore v. Kim, Petitioner is not entitled to relief on his procedural and substantive due process claims. See Demore, 538 U.S. at 530-31 (holding the petitioner's six-month detention under § 1226(c) was "constitutionally permissible" despite being "somewhat longer than average.").

**V. Conclusion**

Petitioner has not exhausted his administrative remedies by requesting a Joseph hearing. Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991

DATED: November 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE